IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| R GANG INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.: 3:15-cv-00039 |
| ) | |
| STEVE HOFSTETTER and ) | |
| CHRIS BOWERS ) | |
| ) | |
| Defendants. ) | |

_____

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS'
RULE 12(b)(6) MOTION TO DISMISS**
_____

Comes now Plaintiff, by and through counsel, and in opposition to Defendants' Motion to Dismiss would show unto the Court as follows:

**FACTS**

Plaintiff, R Gang, Inc., ("Plaintiff") and Defendants entered into an agreement whereby Defendants would purchase Sidesplitters Comedy Club. (Compl. at ¶6) For a period of time Defendants operated the club under the auspices of a "Liquor Management Agreement" which Defendants now claim is illegal. (Compl. at ¶8) Defendants agreed to pay $4,000.00 to use the business until January 2015 and pay $10,000.00 on February 1, 2015, along with a monthly payment of $1,000 for "each month thereafter for the next fifty six (56) months." (Compl. at ¶ 7). Plaintiff filed an action against the Defendants claiming breach of contract, unpaid expenses and property damage. (Compl. at ¶ 8 and ¶ 9). Plaintiff avers Defendants willfully failed to pay taxes, fees and expenses. (Compl. at ¶ 10).

# LAW AND ARGUMENT

**A. Standard of Review.**

The Sixth Circuit has opined that when "deciding a Rule 12(b)(6) motion, a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6thCir. 2009)). Even so, "the district court need not accept a 'bare assertion of legal conclusions.'" Id. (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court articulated a new standard for testing the sufficiency of a complaint in a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court observed that the older standard set for in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") had "earned its retirement." *Twombly*, 550 U.S at 562. In its place, the Court announced the new standard for testing the sufficiency of a complaint in the face of a Rule 12(b)(6) motion to dismiss: the complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Id*. at 545, 570.

Plaintiff's Complaint in the present matter contains viable claims against Defendants and therefore should not be dismissed, certainly not prior to any formal discovery being conducted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 697

(2009). Tennessee's substantive laws govern disputes over contracts that are executed in Tennessee. See *Mackey v. Judy's Foods, Inc.*, 867 F.2d 325, 328 (6th Cir. 1989) (citing *Boatland, Inc. v. Brunswick Corp.*, 558 F.2d 818, 821 (6th Cir.1977)) Plaintiff's claim is for breach of contract and property damage, not procurement of a breach and as such Defendants' reliance on *Wooley v. Madison Cnty., Tennessee,* 209 F. Supp. 2d 836, 849 (W.D. Tenn. 2002) (emphasis added) (citing Tenn. Code Ann. § 47-50-109; *Leemis v. Russell*, No. W1999 00352–COA–R3–CV, 2000 WL 705772, at *2 (Tenn. Ct. App. May 24, 2000)) is misplaced.

Here, Plaintiff has alleged that a purchase agreement was formed as partially evidenced by the "Liquor Management Agreement." Plaintiff needs only to allege the subsequent oral purchase agreement to overcome Defendants' Motion to Dismiss. Paragraph 6 of the Plaintiff's Complaint states,

> On or about September 12, 2014, Plaintiff entered into a Purchase and Sale Agreement with Defendant's for the sale of Plaintiff's business, Side Splitters Comedy Club ("club"), to the Defendants.

(Compl. ¶ 6).

Interpretation of a written contract is a matter of law, rather than a matter of fact. See *Hamblen County v. City of Morristown*, 656 S.W.2d 331, 335-36 (Tenn.1983); *Standard Fire Ins. v. Chester O'Donley & Assocs., Inc.*, 972 S.W.2d 1, 5-6 (Tenn. Ct. App.1998). The purpose of interpreting a written contract is to ascertain and to give effect to the contracting parties' intentions. See *Bob Pearsall Motors, Inc. v. Regal Chrysler-Plymouth, Inc.*, 521 S.W.2d 578, 580 (Tenn.1975); *Gredig v. Tennessee Farmers Mut. Ins. Co.*, 891 S.W.2d 909, 912 (Tenn. Ct. App. 1994). In the case of written contracts, these intentions are reflected in the contract itself. Thus, the search for the contracting parties' intent should focus on the four corners of the contract, see *Whitehaven Community Baptist Church v. Holloway,* 973 S.W.2d 592, 596 (Tenn.1998); *Hall v.*

3

*Jeffers*, 767 S.W.2d 654, 657-58 (Tenn. Ct. App.1988), and the circumstances in which the contract was made.  See *Penske Truck Leasing Co. v. Huddleston*, 795 S.W.2d 669, 671 (Tenn. 1990); *Pinson & Assocs. Ins. Agency, Inc. v. Kreal*, 800 S.W.2d 486, 487 (Tenn. Ct. App.1990).

In the absence of fraud or mistake, courts should construe contracts as written.  See *Frank Rudy Heirs Assocs. v. Sholodge, Inc.*, 967 S.W.2d 810, 814 (Tenn. Ct. App.1997); *Whaley v. Underwood*, 922 S.W.2d 110, 112 (Tenn. Ct. App.1995).  The courts should accord contractual terms their natural and ordinary meaning, see *Evco Corp. v. Ross*, 528 S.W.2d 20, 23 (Tenn.1975), and should construe them in the context of the entire contract.  See *Wilson v. Moore*, 929 S.W.2d 367, 373 (Tenn. Ct. App.1996); *Rainey v. Stansell*, 836 S.W.2d 117, 119 (Tenn. Ct. App.1992).  The courts should also avoid strained constructions that create ambiguities where none exist.  See *Hillsboro Plaza Enters. v. Moon*, 860 S.W.2d 45, 47-48 (Tenn. Ct. App.1993).

The courts may not make a new contract for parties who have spoken for themselves, see *Petty v. Sloan*, 197 Tenn. 630, 640, 277 S.W.2d 355, 359 (1955), and may not relieve parties of their contractual obligations simply because these obligations later prove to be burdensome or unwise.  See *Atkins v. Kirkpatrick*, 823 S.W.2d 547, 553 (Tenn. Ct. App.1991).  Thus, when called upon to interpret a contract, the courts may not favor either party.  See *Heyer-Jordan & Assocs., Inc. v. Jordan*, 801 S.W.2d 814, 821 (Tenn. Ct. App.1990).  However, when a contract contains ambiguous or vague provisions, these provisions will be construed against the party responsible for drafting them.  See *Hanover Ins. Co. v. Haney*, 221 Tenn. 148, 153-54, 425 S.W. 2d 590, 592-93 (1968); *Burks v. Belz-Wilson Properties*, 958 S.W.2d 773, 777 (Tenn. Ct. App. 1997).

The identity of the drafter of the "Liquor Management Agreement" is a question of fact. Further, the "Liquor Management Agreement" is ambiguous and vague on its face and as such fails to form the entire agreement of the parties and requires fact discovery.

**B. Contract formation - Performance matters.**

In *Tidwell v. Morgan Building Systems Inc.*, the Court of Appeals for the Western Section recognized an exception for rescission by mutual oral agreement, in other words, a prior written agreement can be modified orally by agreement of the parties if evidenced by their actions. *Tenn. Code Ann.* § 47-50-112(c) requires contracts to be enforced as written but in *Tidwell*, a written agreement was superseded by a subsequent oral agreement. The Defendants were not allowed to reach back to their prior agreement because a verbal agreement to modify the first agreement was reached and the parties performed in accordance with the subsequent oral agreement. The performance of the parties mattered.

The plaintiff in *Tidwell* entered into a written agreement with the defendant to purchase a portable building. The parties' written agreement provided that the requested date for delivery of the building was an estimate only. It further provided that the agreement and all contract documents "may not be modified other than in writing," and that any such modification, to be binding, had to be signed by all of the parties "and executed in the same manner as this agreement." A few days later Plaintiff changed her order and requested a larger building. The defendant completed a new purchase agreement, but did not require it to be signed. Plaintiff provided a check to cover the higher price for the larger building. A new delivery date, June 2, 1990, was requested, and the defendant stated it "more than likely" could meet this deadline.

The defendant in *Tidwell* argued on appeal that *Tenn. Code Ann.* § 47-50-112 prevented the trial judge from finding that the parties had orally agreed to make June 2, 1990, a firm delivery date, excusing the plaintiff from performance when the portable building failed to appear on that date. The Court of Appeals disagreed. The Court of Appeals stated that "[t]he purpose of *Tenn. Code Ann.* § 47-50-112 is similar to that of the Parol Evidence Rule in that both seek to enforce contracts as written." The Court of Appeals then stated that because Plaintiff did not sign the second purchase agreement, the one for the larger portable building, "the language of the original contract would prevent this document from being a modification of the first agreement." The Court of Appeals found "clear" evidence that the parties agreed to rescind their first agreement and held that neither the "no oral modification" clause in the first agreement nor *Tenn. Code Ann.* § 47-50-112 prohibited the parties from rescinding their written agreement by mutual oral agreement.

In *The Realty Shop Inc. v. RR Westminster Holding Inc.* the Court affirmed the dismissal of a developer's procurement of breach of contract claim and modified the judgment of the trial court "…because the parties, by their conduct during the course of construction, waived their right to rely on the written change order requirements in both the construction contract and the option agreement." Other courts have reached similar results by relying on the "implied-in-fact contract" theory. See *V.L. Nicholson Co. v. Transcon Inv. & Fin. Ltd.*, 595 S.W.2d at 482., the oral recission theory, See *Tidwell v. Morgan Bldg. Sys., Inc.*, 840 S.W.2d at 376 the estoppel theory, See *Ford v. Whittle Trunk & Bag Co.*, 12 Tenn.App. 486, 491 (1930); *Hardin Constr. Group, Inc. v. KSI Real Estate Enters., Inc.*, No. 02A01-9103-CH-00040, 1991 WL 114833, at *11-12 (Tenn. Ct. App. July 1, 1991) (No Tenn. R.App. P. 11 application filed).and the quantum meruit theory. See *Nashville Painting Corp. v. Ray Bell Constr. Co.*, No. 01A01-9510-CH-00491, 1996 WL 474426, at *4 (Tenn. Ct. App. Aug. 21, 1996), perm. app. denied (Tenn. May 5, 1997).

Defendants operated Sidesplitters Comedy Club for a period of time consistent with the oral agreement of the parties and then simply walked out.

**C. The agreement to purchase Sidesplitter's Comedy Club is legal.**

The long standing rule in this Circuit is that a case can be dismissed on a motion to dismiss if the plaintiff seeks enforcement of an illegal contract. See, e.g., *Associated Press v. Taft-Ingalls Corp.*, 340 F.2d 753, 769 (6th Cir. 1965) (instructing the district court to dismiss the breach of contract claim based on illegality of the contract in violation of the Anti-Trust Act). Neither party can claim affirmative relief against the contract unless one party is not equally at fault and the other party has acted through coercion or fraud to get the former to enter the agreement. *St. Louis, V. & T.H.R. Co. v. Terre Haute & I.R. Co.*, 145 U.S. 393, 407 (1892). Plaintiff's Complaint seeks damages for the breach of contract and property damages by Defendants. Plaintiff is not seeking to enforce an illegal contract.

Defendants assert that in Tennessee, the legality of a contract can be challenged *via* a motion to dismiss if the illegality is apparent based on the allegations and an existing law that deems the terms of the agreement illegal. *Am. Bonding Co. v. Vaughn,* No. M2010-02464-COA-R3CV, 2011 WL 3903316, at *3 (Tenn. Ct. App. Sept. 2, 2011) (defendant's motion to dismiss failed because there was no "statutory basis upon which to conclude the contract was illegal"). While Plaintiff would agree that illegal contracts cannot be enforced, Defendants have made at least three assumptions in their analysis: 1) that Plaintiff drafted the Agreement; 2) that the "Liquor Management Agreement" is the only agreement between the parties; and, 3) that Plaintiff is seeking to enforce the "Liquor Management Agreement." The record does not support these assumptions.

There are material questions of fact to be determined regarding the formation of the agreement between the parties. Defendants' Motion to Dismiss is premature. We only know that Plaintiff and Defendant Hofstetter signed the agreement. The facts will bear out that Defendants own and operate comedy nightclubs in multiple states and certainly knew or should have known the requirements for obtaining a license to sell liquor by the drink in Tennessee.

Transferring the liquor license from Plaintiff to Defendants may be prohibited by *Tenn. Code Ann.* § 57-3-212, but there is no evidence in the record that Defendants relied on the transfer of the liquor license as a condition precedent to the purchase of the business or even that obtaining the license was an essential term of the overall sales agreement. While the agreement to transfer the liquor license may be unenforceable, the agreement to sell the club may be valid and enforceable and Plaintiff is entitled to conduct discovery and put on proof. This matter is simply not ripe for determination by a Motion to Dismiss, inasmuch as these are material questions of fact.

**D. The Statute of Frauds is inapplicable, again performance matters.**

The Statute of Frauds requires that parties memorialize certain types of contracts in writing for the contract to be enforceable. The statute has been construed to apply to contracts where, by express understanding of the parties, it was agreed the contract would not be performed within the year. *Trew v. Ogle*, 767 S.W.2d 662, 664 (Tenn. Ct. App. 1988). There are, however, exceptions to this rule. The most commonly recognized exception to the Statute of Frauds is the doctrine of part performance. Under it an otherwise unenforceable oral contract can be the basis of an action if one of the parties has performed pursuant to the contract. *Trew* at 664 (citing A. Corbin, Corbin on Contracts, § 420 (One Volume Ed.1952)).

8

Tennessee courts have recognized a part performance exception to the Statute of Frauds, which is applicable to oral contracts other than for the sale of land. *Blasingame v. American Materials, Inc.*, 654 S.W.2d 659, 663 (Tenn.1983); *Foust v. Carney*, 205 Tenn. 604, 329 S.W.2d 826, 829 (1959); *Buice v. Scruggs Equipment Co.*, 194 Tenn. 129, 250 S.W.2d 44, 47 (1952). The Tennessee Supreme Court, in *Buice v. Scruggs*, explained the partial performance exception to the Statute of Frauds:

> The doctrine of partial performance to take the verbal contract out of the operation of the Statute of Frauds is purely an equitable doctrine and is a judicial interpretation of the acts of the parties to prevent fraud. The acts of the appellant relied on as partial performance had been done by him in pursuance of the averred contract and agreement and are clearly referable thereto. "The plaintiff must be able to show such acts and conduct of the defendant as the court would hold to amount to a representation that he proposed to stand by his agreement and not avail himself of the statute to escape its performance; and also that the plaintiff, in reliance on this representation, has proceeded, either in performance or pursuance of his contract, so far to alter his position as to incur an unjust and unconscionable injury and loss, in case the defendant is permitted after all to rely upon the statutory defense." *Buice v. Scruggs Equip. Co.,* 194 Tenn. 129, 137, 250 S.W.2d 44, 48 (1952)(citing 49 Am. Juv., Sec. 427, page 733).

*Buice* at 47.

In this case, the evidence will show that Defendants operated the Sidesplitter's Comedy Club under the auspices of the allegedly illegal "Liquor Managment Agreement" and now seek to repudiate their agreement to purchase the club. Defendants partially performed under the agreement and the partial performance exception is applicable.

## CONCLUSION

Plaintiff's claims against Defendants for breach of contract and related damages, are as a matter of law, sufficient to overcome Defendants' Motion to Dismiss because Plaintiff's Complaint alleges an oral agreement, partial performance and detrimental reliance which require determinations of material questions of fact.

9
Case 3:15-cv-00039-TAV-CCS   Document 6   Filed 02/06/15   Page 9 of 10   PageID #: 67

**WHEREFORE**, Plaintiff respectfully moves this Honorable Court to deny Defendants' Motion to Dismiss in its entirety.

Respectfully submitted this 6th day of February, 2015.

/s/ Keith D. Stewart
Keith D. Stewart, Attorney for Plaintiff
Stewart | Dupree | PA
713 Market Street, 2nd Floor
Knoxville, Tennessee 37902
(865) 437-5081

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served through the Court's CM/ECF system upon:

Brad A. Fraser
Leitner, Williams, Dooley & Napolitan, PLLC
Attorneys for Defendant
180 Market Place Blvd.
Knoxville, TN 37922
(865) 523-0404

this the 6th day of February, 2015.

/s/ Keith D. Stewart